## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LUKE C. PRIEUR,

     Plaintiff,                       CIVIL ACTION NO. 13-12409

  v.

                                DISTRICT JUDGE MATTHEW F. LEITMAN
                                MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

                        /

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

This Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be

**GRANTED**, and that of Defendant **DENIED**, and that the case be **REMANDED**, for an

award of benefits, as there is no substantial evidence on the record that claimant retained the

residual functional capacity for a limited range of sedentary work.

## II.    REPORT

###     A.    Introduction and Procedural History

Plaintiff filed an application for Social Security disability insurance benefits on July

16, 2012, alleging that he had been disabled and unable to work since April 1, 2010[1], at age

---

[1]Plaintiff filed a prior application for disability insurance benefits, which was denied by the SSA and not pursued further (TR 10). Consequently, res judicata applies to the determination of Plaintiff's condition

36, due to back and neck pain as well as emotional difficulties. Benefits were denied by the Social Security Administration (SSA).  A requested de novo hearing was held on March 11, 2013, before Administrative Law Judge (ALJ) Sharda Singh. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of sedentary work providing a sit-stand option.  The Law Judge found that the claimant was unable to do any rope/ladder/scaffold climbing, and could not be exposed to concentrated cold, humidity or vibrations. The ALJ determined that Plaintiff had a limited ability to climb ramps, stairs, balance, stoop, kneel, crouch or crawl.  He had difficulty reaching over his head, and was unable to use his left hand for fine or gross manipulations. The ALJ further restricted Plaintiff to simple, routine tasks requiring only occasional interaction with supervisors, co-workers or the public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing (TR 20).  He had a limited education, and had been employed as a cabinet maker during the relevant past (TR 47).  Claimant alleged that he was unable to work due to severe back, neck and hip pain.

---

through the date of the unchallenged administrative decision (April 13, 2012).  Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). Claimant later amended his onset date to April 14, 2012 (TR 31).

2

He also experienced leg weakness and hand numbness (TR 32-33, 35). As a result of the pain and extremity numbness, Plaintiff testified that he had trouble sitting, standing and walking for extended periods (TR 33-35). He added that mental depression made him moody and anti-social (TR 36). Claimant asserted that he had a poor memory, and was unable to focus on tasks (TR 38-39). He complained of frequent panic attacks, and did not get along with other people (TR 39-40).

A Vocational Expert, Jessica Christensen, classified Plaintiff's past work as medium to heavy, skilled activity (TR 48). The witness testified that there would not be any jobs for claimant to perform if his testimony were fully accepted[2] (TR 341-342). If he were capable of sedentary work, however, there were numerous surveillance system monitor jobs that he could perform with minimal vocational adjustment (TR 49). These jobs provided a sit-stand option, and did not require the climbing of ladders, ropes or scaffolds. Surveillance monitoring was considered to be simple and routine, and did not expose workers to extreme cold, humidity or vibrations. There was only occasional interaction with supervisors, co-workers or the general public. There was no need to frequently reach overhead, or use the left hand for fine or gross manipulations (TR 48).

## B.    ALJ Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of back and neck pain, mental depression, a bipolar disorder, anxiety, post-traumatic stress disorder,

---

[2]The witness testified that claimant's alleged need to be absent from work at least twice a month so he could be treated for his psychological impairments would preclude all work activity (TR 49).

3

poor impulse control and substance abuse, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's difficulties prevented him from work requiring him to remain on his feet for prolonged periods, to repetitively reach overhead or to frequently use his left hand for fine and gross manipulations.  The ALJ limited Plaintiff to simple, routine tasks where he would have only occasional contact with supervisors, co-workers and the general public.  He would not be subjected to extreme cold, humidity and vibration. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert (TR 12-21).

### C.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

credibility.  See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989);  <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  <u>Kirk</u>, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity.  He also argues that the ALJ improperly rejected the clinical findings and disability opinion  of his treating psychiatrist, and did not take into consideration all his functional limitations.  Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or emotional difficulties.

### D.    Discussion and Analysis

After review of the record, I am persuaded that substantial evidence does not exist on this record to support the Commissioner's conclusion that Plaintiff could perform a restricted range of sedentary work activity. Rather, the medical evidence, as a whole, provides

objective support for Plaintiff's allegations of disabling functional limitations stemming from his physical and mental difficulties.

The parties do not dispute the fact that Plaintiff suffers from severe back and neck pain, mental depression, a bipolar disorder, anxiety, post-traumatic stress disorder and poor impulse control. The medical evidence also demonstrates that Plaintiff suffers from persistent anxiety, mood disturbance, decreased energy, poor concentration, irritability and an antisocial personality disorder (TR 639). Dr. Kishore Kondapaneni, claimant's treating psychiatrist, reported in January 2012 that Plaintiff's poor memory and inability to concentrate prevented him from understanding, remembering and carrying out detailed instructions (TR 643-644).

In a residual functional capacity evaluation dated March 2013, the treating psychiatrist indicated that Plaintiff would have great difficulty working on a sustained basis due to his impaired concentration and poor impulse control (TR 641). Dr. Kondapaneni opined that Plaintiff would need to be absent from work at least twice per month in order to obtain needed treatment of his mental disorders (TR 641). Given the many functional limitations found by the ALJ, the Vocational Expert expressly stated that there would be no jobs that claimant could perform if he also needed to be absent from work twice a month (TR 49).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions

are based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). I suggest that Dr. Kondapaneni offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's mental difficulties (TR 639-644).  Consequently, the treating psychiatrist's opinion that Plaintiff could not work on a sustained basis, and would need to be absent from work at least twice a month in order to obtain needed psychological treatment of his multiple disorders, should have been given controlling weight by the ALJ.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his severe impairments.  Since Plaintiff was unable to perform a full range of sedentary work, the Commissioner could not meet that burden through the use of the Medical-Vocational guidelines[3].  As a result, a Vocational Expert was called upon to help determine whether jobs existed in the national economy for claimant to perform given his age, educational level, work experience and multiple functional limitations stemming from his joint pain and mental difficulties.

The VE explained that no jobs existed in the economy if the claimant's testimony regarding his functional limitations and need to be absent from work on a regular basis were

---

[3]Claimants who can no longer perform past relevant work are assigned grid categories according to their residual functional capacity, age, education, and transferable skills, and the grid dictates a conclusion or rule of "disabled" or "not disabled". See 20 C.F.R. § 404, subpt. P, appendix 2 200.00(a) (2013).

7

found to be fully credible (TR 49). Since the medical evidence demonstrated that the claimant was severely impaired as a result of his joint pain and emotional problems, the ALJ erred when he rejected claimant's credibility.  Given claimant's age, limited education, lack of transferable skills and residual functional capacity for, at most, sedentary work, there was no substantial evidence to support the determination that he could perform other types of work activity  existing in the economy.

### E.    Remand

Once it has been determined that the Commissioner's administrative decisions are not supported by substantial evidence, a district court faces a choice.  It may either remand the case to the Commissioner for further proceedings or direct the Commissioner to award benefits.  The court may reverse and direct an award of benefits if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits...where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Felisky,* 35 F.3d at 1041; *accord, Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  This comports with the principle that "where remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Wilson v. Comm'r of Social Security*, 378 F3d 541, 547 (6th Cir. 2004)(citations omitted).

In this circuit, the latter option requires that the "proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking[,]" *Mowery v. Heckler*

771 F.2d 966, 973 (6th Cir. 1985); or that "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits[.]" *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

After review of this record, I conclude that the standards set forth in *Mowery* and *Faucher, supra,* have been met.  On this record, proof of disability is strong, evidence to the contrary is lacking, and I discern no unresolved essential factual issues.  Accordingly, I recommend that Plaintiff's Motion for Summary Judgment be GRANTED, that of Defendant DENIED, and the instant case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985);  *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837 (*citing Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

9

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. E.D. Mich. LR 72.1(d)(3). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.


                                                s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: July 25, 2014                            United States Magistrate Judge