UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKE PRIEUR,

      Plaintiff,                            Case No. 13-cv-12409
                                            Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER SUSTAINING DEFENDANT'S OBJECTIONS (ECF #19); ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #18); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #12); DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #14); AND REMANDING CASE FOR FURTHER PROCEEDINGS

This matter is before the Court on the Objections by Defendant Commissioner of Social Security ("Commissioner") to Magistrate Judge Charles E. Binder's July 25, 2014, Report and Recommendation. Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed, the Court **SUSTAINS** the Commissioner's Objections (the "Objections," ECF #19), **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (the "R&R," ECF #18), and **REMANDS** the matter to the Commissioner for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

## **PROCEDURAL HISTORY**

Plaintiff Luke Prieur ("Prieur") filed his application for Social Security disability insurance benefits on July 16, 2012, alleging that he was unable to work due to (1) back and neck pain and (2) emotional difficulties. (*See* ECF #8-5 at 142, Pg. ID 165.) On March 22, 2013, Administrative Law Judge Sharda Singh (the "ALJ") found that Prieur was not disabled because (1) he has residual functional capacity to perform sedentary work and (2) there are jobs that exist in significant numbers in the national economy that he can perform. (*See* the "ALJ Decision," ECF #8-2 at 7-26, Pg. ID 27-46.) In reaching that conclusion, the ALJ declined to give controlling weight to the opinion of Prieur's treating physician, Dr. Kondapaneni, who stated that Prieur "would be absent from work two times a month and cannot perform work on a sustained basis." (ALJ Decision at 18, Pg. ID 38 (quoting the "Dr. Opinion," ECF #8-8 at 641, Pg. ID 667).) In addition, the ALJ found that Prieur's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely credible." (*Id.* at 15, Pg. ID 35.)

Prieur filed this action challenging the Commissioner's denial of benefits. (*See* Complaint, ECF #1.) The parties filed cross-motions for summary judgment. (*See* Prieur's Motion, ECF #12; Commissioner's Motion, ECF #14.) On July 25, 2014, the Magistrate Judge issued his Report and Recommendation in which he

suggested, among other things, that the ALJ should have given Dr. Kondapaneni's opinion controlling weight and that the ALJ erred in discounting Prieur's credibility. (*See* R&R at 7-8, Pg. ID 738-39.) The Magistrate Judge recommended that this Court (1) grant Prieur's Motion, (2) deny the Commissioner's Motion, and (3) remand the matter to the Commissioner for an immediate award of benefits. (*See id.* at 8-9, Pg. ID 739-40.)

The Commissioner filed timely objections to the Report and Recommendation. (*See* Objections.) The Commissioner objects on two bases: (1) factual issues related to Dr. Kondapaneni's opinion remain unresolved and therefore an immediate award of benefits is not warranted, and (2) the Magistrate Judge's conclusion that the ALJ erred in discounting Prieur's credibility is not a basis for ordering payment of benefits. (*See id.* at 3-6, Pg. ID 743-46.) The Commissioner's objections do not ask the Court to uphold the ALJ's outright denial of benefits; instead, the Commissioner urges the Court to remand for further administrative proceedings, rather than for an immediate award of benefits, as the Magistrate Judge suggested. (*See id.* at 2, Pg. ID 742.) Prieur responds that the Magistrate Judge's conclusions were well reasoned and that the Court should adopt the Report and Recommendation in its entirety, including the recommendation to remand for an award of benefits. (*See* Prieur's Response, ECF #20.)

3

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a de novo review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

Where "substantial evidence does not support the [ALJ's] decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Accordingly, "a court is obligated to remand for further

4

administrative proceedings if there are any unresolved essential factual issues."
*Meehleder v. Comm'r*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing
*Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).   "A judicial award of
benefits is proper only where the proof of disability is overwhelming or where the
proof of disability is strong and evidence to the contrary is lacking."   *Martin v.
Comm'r*, 61 Fed. App'x 191, 201 (6th Cir. 2003) (quoting *Felisky v. Bowen*, 35
F.3d 1027, 1041 (6th Cir. 1994).

## ANALYSIS

As noted above, the Commissioner's sole request for relief in its Objections
is that the Court remand for further administrative proceedings, rather than for an
immediate award of benefits.  (*See* Objections 2, Pg. ID 742.)  The Court finds this
request for relief to be appropriate.   Having conducted a *de novo* review of the
record, the Court finds that unresolved essential factual issues still exist and that
the current record does not adequately establish Prieur's entitlement to benefits.
Therefore, the Court must remand the matter to the Commissioner for further
administrative proceedings.

### 1. Commissioner's First Objection

The Commissioner objects to the Magistrate Judge's suggestion that the ALJ
should have given Dr. Kondapaneni's opinion controlling weight.  The opinion of
a treating physician is entitled to controlling weight where "(1) the opinion is well-

5

supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)) (internal punctuation omitted). The Magistrate Judge determined that Dr. Kondapaneni "offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's mental difficulties." (R&R at 7, Pg. ID 738.) But the record does not support this determination. For the reasons discussed below, Dr. Kondapaneni's opinion – on the record as it currently stands – is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," *Gayheart,* 710 F.3d at 376, and it is therefore not entitled to controlling weight.

A treating physician's opinion is not well-supported (and therefore not entitled to controlling weight) where the physician offers conclusory statements in support of the opinion and fails to fully explain his responses. *See, e.g.*, *Lott v. Colvin*, No. 12-cv-00422, 2013 WL 5964411 (S.D. Ohio Nov. 8, 2013) (finding that doctor's opinion based on check-box answers, with little explanation, was "conclusory, not 'well-supported' by clinical and diagnostic test results, and not well-explained"), *adopted by* 2014 WL 1091939 (S.D. Ohio March 18, 2014). That is precisely what Dr. Kondapaneni did in this case.

Dr. Kondapaneni's opinion consists solely of a five-page "Mental Impairment Questionnaire" that contains (1) a series of checkboxes regarding Prieur's symptoms, treatment, and limitations, and (2) spaces for Dr. Kondapaneni to explain his responses. (*See* Dr. Opinion at 639-44, Pg. ID 665-70.) Despite instructions to elaborate on his answers, Dr. Kondapaneni failed to provide explanatory remarks in some cases, and where he did provide explanations, they are largely conclusory. For instance, although Dr. Kondapaneni answered affirmatively to the question "Would your patient have difficulty working at a regular job on a sustained basis," Dr. Kondapaneni's only explanation was that Prieur "has impaired concentration and poor impulse control." (*See id.* at 641, Pg. ID 667.) In addition, when asked to describe Prieur's treatment and his response to that treatment, Dr. Kondapaneni responded, "partial response," with no further elaboration. (*Id.* at 640, Pg. ID 666.) The Court simply cannot accord controlling weight to Dr. Kondapaneni's opinion (on the record as it currently stands) because it relies largely on conclusory statements, and he failed to adequately substantiate his responses.

Moreover, the current expression of Dr. Kondapaneni's opinion is not entitled to controlling weight because Dr. Kondapaneni's evaluation of Prieur's mental capacity does not appear to support his conclusion that Prieur could not work on a sustained basis and would need to be absent from work at least twice per

7

month. The "Mental Impairment Questionnaire" included a two-page checklist in which Dr. Kondapaneni was asked to evaluate aspects of Prieur's nonexertional/mental capacity (e.g., understanding and memory, sustained concentration and persistence, etc.). (*See id.* at 643-44, Pg. ID 669-70.) The checklist instructed Dr. Kondapaneni to classify each aspect as "markedly limited," "moderately limited," "not significantly limited," or "no evidence of limitation." (*Id.*) However, Dr. Kondapaneni did not find that Prieur was "markedly limited" in *any* of the categories on the checklist. (*See id.*) In fact, Dr. Kondapaneni found that Prieur was "not significantly limited" in exactly half of the categories and only "moderately limited" in the remaining categories. (*See id.*) Dr. Kondapaneni's determination that Prieur's nonexertional/mental capacity was not, in any way, markedly limited undercuts his conclusion that Prieur was unable to work and, accordingly, Dr. Kondapaneni's opinion (on the record as it currently stands) is not entitled to controlling weight.

When a treating physician's medical opinion is not controlling, the ALJ must determine how much weight to assign that opinion. *See* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to consider in evaluating how much weight to assign a non-controlling medical opinion). The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2),

416.927(c)(2).  Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d at 544 (quoting SSR 96–2p, 1996 WL 374188, at *5 (1996)).   In this case, although the ALJ properly concluded that Dr. Kondapaneni's opinion (on the current record) was not entitled to controlling weight, the ALJ neither applied the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6) nor explained the weight ultimately accorded to that opinion. Accordingly, remand is appropriate to permit the ALJ to evaluate and explain the weight accorded to Dr. Kondapaneni's opinion.  *See Stone v. Comm'r*, No. 13-cv-10044, 2013 WL 6801170 at 7 (E.D. Mich. Dec. 23, 2013) ("The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician opinion and provide good reasons for that weight") (citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011)).

## 2.  Commissioner's Second Objection

The Commissioner also objects to the Magistrate Judge's suggestion that the ALJ erred when the ALJ found that Prieur's testimony concerning the extent of his symptoms was not entirely credible because it could not be fully reconciled with the medical evidence.  The Magistrate Judge believed that "the medical evidence demonstrated that [Prieur] was severely impaired as a result of his joint pain and

emotional problems."  (R&R at 8, Pg. ID 739.)  However, as discussed above, the medical evidence does *not* necessarily establish that Prieur was severely impaired as a result of his emotional problems.[1]  Indeed, the ALJ has yet to evaluate Dr. Kondapaneni's opinion under the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6), and it would therefore be premature to determine whether Prieur's testimony was fully supported by medical evidence.  Moreover, "[i]t is … for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of [Prieur]." *Rogers*, 486 F.3d at 247.  Accordingly, on remand, the ALJ should consider the credibility of Prieur's testimony in light of all of the medical evidence, including Dr. Kondapaneni's opinion.

## CONCLUSION

For all of the reasons stated above, the Court **SUSTAINS** the Commissioner's Objections (ECF #19).  The Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation.

---

[1]  The medical evidence also does not appear to support – and Prieur does not contend in his Motion for Summary Judgment – that Prieur was severely impaired solely on the basis of joint pain.  (*See, e.g.*, Evaluation By Mary Lanette Rees, M.D., ECF #8-8 at 609, Pg. ID 635) (suggesting that Prieur has residual functional capacity to perform light work based on physical assessment).

**IT IS HEREBY ORDERED THAT** Prieur's Motion for Summary Judgment (ECF #12) is **GRANTED** and the Commissioner's Motion for Summary Judgment (ECF #14) is **DENIED**.[2]

**IT IS FURTHER ORDERED THAT** this matter is remanded to the Commissioner for further proceedings consistent with this Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[2] The Court grants Prieur's Motion to the extent that he seeks a remand for further fact finding and for a new decision concerning his entitlement to benefits. If and to the extent that Prieur seeks a remand for an immediate award of benefits (as opposed to a remand for the proceedings described in the preceding sentence), the Motion is denied.