UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKE PRIEUR,                                   No. 13-12409

    Plaintiff,                    District Judge Matthew F. Leitman

v.                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____ /

## REPORT AND RECOMMENDATION

This is a Social Security Disability appeal filed under 42 U.S.C. § 405(g).  On September 11, 2014, the Court entered judgment in favor of the Plaintiff and remanded for further administrative proceedings [Doc. #22]. On December 10, 2014, Plaintiff filed a timely motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #23]. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion for attorney fees [Doc. #23] be GRANTED.

## I.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986).  Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Mr. Prieur who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

Attorney's fees claimed under the EAJA must be reasonable.  *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987).  As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

### III.   DISCUSSION

Plaintiff seeks EAJA fees for 12.4 hours of attorney time at $190 per hour and 3.3 hours of legal assistant time at $75 per hour, for a total of $2,355.50. In response, the Commissioner agrees that the fees Plaintiff seeks are reasonable, and should be granted after she verifies that Plaintiff owes no pre-existing debt to the government that would be subject to offset.

After reviewing Plaintiff's attorney's time-sheets, I agree that she expended a reasonable number of hours. I also agree that an hourly rate of $170 is reasonable. However, I do quibble with Plaintiff's contention that the statutory hourly rate of $125 per hour set by 28 USC 2412(d)(2)(A)(ii) is automatically raised based on an increase in the cost of living as shown by the Consumer Price Index. In *Bryant v. Commissioner of*

*Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit held that it is a plaintiff's burden to justify a rate above the statutory maximum, and that he or she must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

In *Bryant*, the Court found that Plaintiffs did not meet their burden of justifying an enhanced hourly rate where they submitted only the Department of Labor's Consumer Price Index ("CPI") in arguing that the rate of inflation supported an increase above the statutory maximum. A plaintiff must submit something more–for example, relevant statistics from the State Bar of Michigan's most recent publication of The Economics of Law Practice– showing that the claimed rate is in line with prevailing rates in this community.

In this case, I will consider the Commissioner's agreement that $170 represents a reasonable hourly rate, along with the CPI, as sufficient evidence that it is consistent with prevailing rates. I also note that in *Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011), I stated, "Given the effect of inflation since 1996, the Court finds that $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010." In the future, however, counsel is advised to follow the strictures of *Bryant* when seeking an increase in the $125 per hour statutory rate.

Finally, as is typical in Social Security appeals, Plaintiff has executed an assignment of EAJA fees to his attorney. While EAJA fees would otherwise be paid to

the Plaintiff, *see Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the assignment permits payment directly to the attorney, after offsets for any pre-existing debts the Plaintiff might owe to the government. *Cowart,* 795 F.Supp.2d at 671.

## IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for attorney fees and costs under EAJA [Doc. #23] be GRANTED, and that he be awarded fees and costs in the amount of $2,355.50.

I further recommend that no later than 14 days from the date of a final order granting this motion, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

-4-

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 19, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 19, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager